**Albert Jordan VOLKLAND, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47598.**

Court of Criminal Appeals of Texas.

March 13, 1974.

Rehearing Denied July 2, 1974.

3. See Allee et al. v. Medrano, (1974), —— U.S. ——, 94 S.Ct. 2191, 40 L.Ed.2d 566.

Jerry Houghton, Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant was convicted of the offense of knowingly exhibiting obscene matter; punishment was assessed by a jury at a one thousand dollar fine and six months' confinement.

In his brief before this Court, appellant presents fourteen grounds of error and one so-called formal bill of exception.

In his so-called formal bill of exception, appellant contends the trial court erred in failing to grant his motion for mistrial when the State prejudicially introduced evidence which was prohibited by his previously granted motion in limine. The record does not contain any such formal bill of exception made in compliance with Article 40.09, Sec. 6(a), Vernon's Ann.C. C.P. Furthermore, the complained of evidence was not in violation of the motion in limine.

In his first ground of error, appellant contends Article 527, Vernon's Ann.P.C., is unconstitutional. This ground is multifarious in that it contains at least four distinct claims of unconstitutionality. Furthermore, the contentions therein raised have been recently considered in West v. State (No. 45,090, February 13, 1974), wherein the challenged article was held constitutional.

In his second ground of error, appellant contends the trial court erred in denying his motion to quash the complaint and information. This ground is also multifarious, presenting at least four separate claims. Futhermore, the information in proper form alleged a violation of Article 527, Section 3, V.A.P.C., in that it charged

that appellant did "knowingly exhibit obscene matter, to-wit, one magazine entitled 'The Advanced Handbook of Oral Sex,' for the purpose of sale."

By his third, fourth, fifth, seventh, eighth and ninth grounds of error, appellant challenges the sufficiency of the evidence, contending the court erred in denying his motion for instructed verdict for failure to make a prima facie case, for failure to prove appellant was an accomplice, and for failure to prove knowledge.

Testimony in the record reveals that appellant was the manager of a so-called adult book store in Dallas at the time of the alleged offense; that he instructed employees in wrapping the individual books and magazines displayed for sale in cellophane; that he wrapped them for the purpose of exhibiting them for sale; and that he looked through a few of them that had the type of pictures found in the magazine admitted into evidence.

This was sufficient circumstantial evidence to show knowledge on the part of appellant and to connect him as a participant in the charged offense.

It need not be shown that appellant actually looked at the particular magazine introduced into evidence. It is clear from the record that appellant knew the type of business he was in and the type of material he was exhibiting for sale. One cannot negate a showing of knowledge by displaying such a large quantity of books and magazines all of this same type that he can deny particular knowledge as to each and every individual item.

The record further reflects that appellant was a participant in the charged offense. It need not be shown that appellant personally placed the particular magazine on display for sale, nor that he was at the premises at the time the particular magazine was purchased by the officer. A manager cannot avoid all responsibility by directing that all operations be carried out by his employees. In misdemeanors there

is no distinction between principals and accomplices. See 16 Tex.Jur.2d, Criminal Law, Sec. 53.

The evidence is sufficient to find that appellant knowingly exhibited the matter in question.

■ By his sixth and tenth grounds of error, appellant contends the trial court erred in permitting the State to reopen after both sides had closed, and in denying his motion for new trial when the State failed to establish good cause for reopening.

Article 36.02, V.A.C.C.P., provides:

"The court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice."

Following the closing of evidence the State was permitted to reopen and call to the stand a witness whose presence had only immediately prior thereto been secured. Such a decision is a matter within the discretion of the court. Thompson v. State, Tex.Cr.App., 480 S.W.2d 624, 629; Perry v. State, Tex.Cr.App., 464 S.W.2d 660, 662. No abuse of discretion has been shown.

■ By his eleventh ground of error, appellant contends the trial court erred in commenting on his failure to present expert testimony. Appellant does not cite where in the record such occurrence is reflected, and we have found no such comment in the record. Nothing is presented for review.

■ Appellant in his twelfth ground of error contends the trial court erred in refusing to permit him to perfect a formal bill of exception. The record reflects no such attempt in compliance with Article 40.09, Section 6(a), V.A.C.C.P. Nothing is presented for review.

■ In appellant's thirteenth ground of error, he contends that the trial court erred in refusing to grant him a charge based on Art. 527, Sec. 2. This portion of the article states:

"Sec. 2. It is not innocent but calculated purveyance which is prohibited. This article shall not apply to persons who may possess or distribute obscene matter or participate in conduct otherwise prescribed by this article when such possession, distribution, or conduct occurs in the course of law enforcement activities or in the course of bona fide scientific, educational, or comparable research or study or in the course of employment as a moving picture machine operator, or assistant operator, in a motion picture theater in connection with a motion picture film or show exhibited in said theater if such operator or assistant operator has no financial interest in the motion picture theater wherein he is so employed other than his wages received or owed, or like circumstances of justification where the possession, distribution, or conduct is not limited to the subject matter's appeal to prurient interests."

The evidence presented did not raise this issue and the court did not err in refusing this charge.

■ Appellant's fourteenth ground of error charges that the court erred in not requiring the jury to find that he, if not present at the time of the offense, must have been doing something in furtherance of the design at the very time the offense was committed. The court charged the jury on the law of principals in this misdemeanor case, and appellant's rights were adequately protected thereunder.

Finding no reversible error, the judgment is affirmed.