Phillip Michael BEIER, Appellant,

v.

The STATE of Texas, Appellee.

No. 647–84.

Court of Criminal Appeals of Texas,
En Banc.

March 27, 1985.

Charles Rice Young, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Calvin A. Hartmann, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Alfred Walker, First Asst. State's Atty., and Cathleen R. Riedel, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant was convicted for the misdemeanor offense of selling obscene material. V.T.C.A. Penal Code, Sec. 43.23(c)(1). The jury assessed punishment at fifteen days confinement in the Harris County jail and a one thousand dollar fine. The Fourteenth Court of Appeals affirmed his conviction in a published opinion. *Beir v. State,* 681 S.W.2d 124 (Tex.App.—Houston [14th] 1984). We granted appellant's petition for discretionary review to determine the sufficiency of the evidence supporting appellant's conviction. After reviewing the record, we have concluded that the evi-

dence is insufficient to sustain appellant's conviction.

Since we are examining the sufficiency of the evidence, a recitation of the facts is in order. On January 6, 1982, members of the Houston Police Department vice squad, acting pursuant to a tip from an employee that the manager would be there at 6:00 p.m. to collect the days receipts, went to the Ball Park, an "adult" bookstore in Houston. Appellant arrived at the predicted time carrying what appeared to the officers to be a zippered bank bag. Appellant was unknown to the police. Vice squad officers inside the bookstore observed appellant enter the store, whereupon he proceeded directly to the cash register and proceeded to clear the register. As appellant was clearing the cash register he was seen conversing with a clerk employed at the bookstore. The record is silent as to the substance of their conversation. While appellant was clearing the register, one of the officers attempted to purchase a film, but was told *by the clerk*[1] that he would have to wait until the register was cleared. After the register was cleared, another officer purchased *from the clerk* the film which is the subject of this prosecution. All of the officers testified that appellant was going out the front door at the time the film was purchased. The police subsequently obtained a warrant for appellant's arrest for his alleged involvement in the transaction. When appellant was searched incident to his arrest, two pieces of paper were found on his person. One purported to be an employee list[2]; the other was a list of names and phone numbers with a notation on it that read: "[I]nstruct clerks to cooperate—do not interfere with vice going into arcade—totally cooperative."[3]

Other evidence was introduced to show that *the clerk* had knowledge of the character and content of the film he sold to the police officer.

As the court of appeals correctly recognized, the evidence is insufficient to show that appellant acting alone sold obscene material as alleged in the information. If appellant is guilty, it is as a party under V.T.C.A. Penal Code, Sec. 7.02(a)(2), which reads in pertinent part:

"(a) A person is criminally responsible for an offense committed by the conduct of another if:

". . . .

"(2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. . . ."

Where the evidence shows that the defendant was not a "primary actor," but at most responsible for the actions of the "primary actor," the State must prove conduct constituting an offense plus an act by the defendant done with the intent to promote or assist such conduct. *Herring v. State*, 633 S.W.2d 905 (Tex.App.—Dallas 1982); *aff'd on other grounds* 659 S.W.2d 391 (Tex.Cr.App.1983). *See also, Morrison v. State*, 608 S.W.2d 233 (Tex.Cr.App.1980); *Apodaca v. State*, 589 S.W.2d 696 (Tex.Cr.App.1979).

Evidence is sufficient to convict the defendant under the law of parties where he is physically present at the commission of the offense, and encourages the commission of the offense either by words or other agreement. *Tarpley v. State*, 565 S.W.2d 525 (Tex.Cr.App.1978). The agreement, if any, must be before or contempo-

---

1. All emphasis is supplied by the author of this opinion unless otherwise indicated.

2. The officer that testified that the document in question was an employee list admitted on cross-examination that he only recognized one name out of the thirty on the list. He knew that name because it was the name of the clerk that sold the film "THE MEN'S ROOM." This is the entire factual basis for the officer's conclusion that the list was an employee list.

3. These two pieces of paper were not offered to prove the truth of the statements they contained. They were offered to show appellant's status as the manager of the Ball Park and his awareness of its activities. The court of appeals so held, 681 S.W.2d at 129; and we have not granted discretionary review on this ground. Thus, we will only consider the lists as having probative value on those two issues.

**4**

raneous with the criminal event. *Urtado v. State,* 605 S.W.2d 907 (Tex.Cr.App.1980). Mere presence alone without evidence of intentional participation is insufficient. *Acy v. State,* 618 S.W.2d 362 (Tex.Cr.App. 1981). In determining whether the accused participated as a party, the court may look to events occurring before, during and after the commission of the offense, and may rely on actions of the defendant which show an understanding and common design to do the prohibited act. *Medellin v. State,* 617 S.W.2d 229 (Tex.Cr.App.1981); *Ex parte Prior,* 540 S.W.2d 723 (Tex.Cr.App. 1976). Circumstantial evidence may be used to prove one is a party to an offense. *Wygal v. State,* 555 S.W.2d 465 (Tex.Cr. App.1977).

As stated in the court of appeals' opinion:

"Whether there was sufficient evidence to convict Beier [appellant] as a party to distribution [sale] of obscenity is governed by *Griffin v. State,* 614 S.W.2d 155 (Tex.Cr.App.1981). The relevant question is whether, after viewing the evidence in the light most favorable to the verdict, any rational fact-finder could have found the essential elements of the offense beyond a reasonable doubt." 681 S.W.2d at 128.

The court of appeals concluded that the essential elements of the offense are that appellant "intentionally and knowingly assisted a common undertaking to promote obscenity, and that distribution, exhibition, or sale of obscenity took place as a part of the common undertaking." Id. at 128. Were these the essential elements of the offense, we have no doubt that the evidence would be sufficient to support appellant's conviction. However, these are not the essential elements of the offense.

The information in this case alleges, in pertinent part, that appellant "knowing the content and character of the material, [did]

intentionally sell obscene material to W.L. HAYDEN..., namely, a film entitled "THE MEN'S ROOM" which depicts patently offensive representations of actual and simulated sodomy." Applying the law of parties as set forth in V.T.C.A. Penal Code, Sec. 7.02(a)(2) to the allegations in the information, the essential elements of the offense are that appellant solicited, encouraged, directed, aided or attempted to aid the clerk in the sale of the film "THE MEN'S ROOM," and that he did so, not inadvertently, but with the intent to promote or assist the sale of said film, and that appellant had knowledge of the character and content of the film.[4]

As is easily observed, the court of appeal's identification of the essential elements of the offense is much broader than the allegations in the information. While clearing the cash register may be an act by which appellant "intentionally and knowingly assisted a common undertaking to promote obscenity, it escapes us how it can be construed *as an act that solicited, encouraged, directed, aided, or attempted to aid the sale of the film "THE MEN'S ROOM."* The opinion of the court of appeals comes dangerously close to authorizing appellant's conviction based upon proof of his status as the manager of an enterprise, so long as he knew that the enterprise had criminal potential. This concept contravenes one of the basic tenets of our penal code: that a person commits an offense only if he voluntarily engages in conduct which is proscribed by the Penal Code. See V.T.C.A. Penal Code, Sec. 6.01(a). Conduct means an act or omission and its accompanying mental state. V.T.C.A. Penal Code, Sec. 1.07(a)(8). Under our law a person is not punished for his status, but for his conduct. See also *Robinson v. California,* 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962) (status offense violative of Fourteenth

---

**4.** One cannot have the intent to promote or assist the sale of obscene material unless he has knowledge of the content and character of the material. Since selling obscene material *is* an offense *only* if the seller had knowledge of the content and character of the material, no person lacking this knowledge can possess the intent to promote or assist the sale of obscene material. See V.T.C.A. Penal Code, Secs. 7.02, 42.23. See also *Davis v. State,* 658 S.W.2d 572 (Tex.Cr.App. 1983). (First Amendment safeguards require knowledge of content and character of printed material before its sale may be punished.)

Amendment.) Cf. *Powell v. Texas*, 392 U.S. 514, 88 S.Ct. 2145, 20 L.Ed.2d 1254 (1968).

The argument by the State's Prosecuting Attorney in his brief also suffers from this malady. He argues that since the evidence, construed in a light most favorable to the verdict, established that appellant was the manager of the Ball Park, it was reasonable for the jury to infer that appellant had general power and control of the Ball Park and that he was in fact operating it. The State's Prosecuting Attorney is essentially arguing that appellant be punished for his status, not his conduct. He has also overlooked our opinion in *Goodman v. State*, 667 S.W.2d 135, 137 (Tex.Cr.App.1984), a case in which the defendants were also charged with the promotion of obscenity. We there stated that we will not infer the duties of a manager when the evidence has not established what those duties are. Since the State's Prosecuting Attorney does not specify what *conduct* forms the basis of appellant's conviction, his argument must fail.

The State's Prosecuting Attorney also directs our attention to *Volkland v. State*, 510 S.W.2d 585 (Tex.Cr.App.1974) (hereinafter *Volkland*), wherein we stated:

> "It need not be shown that appellant personally placed the particular magazine on display for sale, nor that he was at the premises at the time the particular magazine was purchased by the officer. A manager cannot avoid all responsibility by directing that all operations be carried out by his employees." at pg. 587

He contends that *Volkland* authorizes the affirmance of appellant's conviction. His reliance on *Volkland* is misplaced.

In that cause there was evidence that the defendant was the manager of an adult bookstore in Dallas; that he instructed employees in wrapping the individual books

and magazines displayed for sale in cellophane; that he wrapped them for the purpose of exhibiting them for sale; and that he looked through a few of them that had the type of pictures found in the magazine admitted into evidence. Furthermore, the defendant in *Volkland* was charged with *exhibiting, not selling*,[5] the obscene material, which is why his presence at the time of the *sale* of a specific magazine was immaterial. The State was not required to prove that he had personally placed the particular magazine on sale because he was guilty as a party, not as a principal.[6]

In *Volkland* the State proved several *acts* on the part of the manager that connected him as a participant in the exhibition of obscene material. In the case sub judice, it is exactly this type of proof that is lacking. Since the State failed to prove an act by appellant that directed, aided, encouraged, or assisted in the commission of the offense, no rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Therefore, the evidence is insufficient to support appellant's conviction. *Griffin*, supra.

Having found that reversal must result in the instant cause due to insufficiency of the evidence, the decisions of the United States Supreme Court in *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), dictate that no further prosecution be had in this cause.

The judgments of the court of appeals and the trial court are reversed and this cause is remanded to the trial court to enter an order of acquittal.

---

**5.** Sec. 43.23(c)(1), supra, under which appellant was prosecuted in the case sub judice, proscribes the promotion of obscene materials. There are no fewer than seventeen different ways to promote obscenity. V.T.C.A. Penal Code, Sec. 43.21(a)(5). Since the State alleged that appellant promoted obscene material by

selling it, it bound itself to prove that particular method of promotion at trial.

**6.** *Volkland* was prosecuted under the old Penal Code, which drew no distinction between principals and accomplices in misdemeanors. *Volkland*, 510 S.W.2d at 587–588.