NO. 07-03-0516-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MARCH 9, 2004


______________________________



PHILLIP TAYLOR AND ONY TAYLOR,



 Appellants


V.



DUNCAN HEATING & A/C, INC.,



 Appellee

_________________________________



FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;



NO. 2002-593729; HON. PAULA LANEHART, PRESIDING


_______________________________



MEMORANDUM OPINION


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 Appellants Phillip Taylor and Ony Taylor filed a notice of appeal on December 10,
2003. The clerk's record was filed on January 5, 2004. However, no reporter's record has
been received. On February 18, 2004, this Court, pursuant to Tex. R. App. P. 35.3(b),
notified the court reporter that the record was due to be filed no later than February 4,
2004. In response, the reporter filed a request for extension of time to file record, stating
that "appellant has not paid or made arrangements to pay for the record" and "appellant
requested I not prepare transcript as he is no longer pursuing his appeal." On February
26, 2004, appellants were directed by letter to provide this Court with proof that they either
paid for the record or made satisfactory arrangements for payment of the record on or
before March 8, 2004, and failure to comply with the Court's directive may result in
dismissal. The deadline lapsed, and no response has been received.

 Because appellants have failed to provide proof that they have paid for the
reporter's record or made satisfactory arrangements for payment of the record as directed
by the court, we dismiss the appeal pursuant to Texas Rule of Appellate Procedure 42.3(b)
and (c). 

 

 Per Curiam

 

 

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2004). 


intent to commit a felony, theft, or an assault
or enters without the consent and actually commits a felony, theft, or an assault. Tex.
Penal Code Ann. § 30.02(a) (Vernon 2003). Second, though a suspect may not have
entered the home, he may nonetheless be convicted as a party to the burglary if, as
appellant acknowledges in his brief, “the record contains evidence that would support the
conclusion that the defendant committed the charged offense in concert with someone else
. . . . Galvan v. State, 598 S.W.2d 624, 629 (Tex. Crim. App. 1979).” That is, the evidence
must show that someone committed the underlying crime and that the accused promoted
or assisted its commission with the intent to do so. Beier v. State, 687 S.W.2d 2, 3 (Tex.
Crim. App. 1985); Miller v. State, 83 S.W.3d 308, 313 (Tex. App.–Austin 2002, pet. ref'd). 
          Third, the record contains evidence illustrating that three individuals were seen at
the home being burglarized. When spotted, the three left on foot while leaving a car
parked under the carport. Booty taken from the house was found inside the car. 
          After descriptions of the three suspects were broadcast to the police, two of the
three suspects were quickly apprehended in the area. During this same time, appellant
initially was seen by a parking control officer walking down an alley near the crime scene. 
When stopped, he was “out of breath.” Nonetheless, he told the parking officer that he had
seen two Hispanics break into a house and leave carrying guns. After giving the officer
general directions to the place whereat the burglary occurred, the officer left. 
          Shortly thereafter, a police officer responding to the burglary noticed appellant afoot
about a mile or so from the burglary. The officer stopped appellant because he matched
the description of one of the suspects. Appellant informed the officer that he was looking
for his car which he had reported stolen some 30 minutes earlier, and when the police cars
were allegedly seen rushing down a particular street, he thought that his car may be in the
area towards which the police traveled. Yet, the officer saw appellant walking towards the
east while the area to which the police purportedly traveled was to his west. In other
words, appellant was walking away from the area in which he thought he could find his car. 
        Needless to say, the vehicle left in the carport at the burglary scene happened to
be appellant’s. And, according to appellant’s wife, appellant had left in it that morning “like
30 minutes from the time that [the officer] got there . . . .” Apparently, the officer had
responded to the auto theft call and proceeded to appellant’s residence. There, he
encountered appellant’s wife who then disclosed the foregoing information.
          Given the presence of appellant’s car at the crime scene, the presence of stolen
property within the car, the presence at the crime scene of someone matching appellant’s
description, appellant’s effort to leave the area where he thought his car was located, the
effort to deceive one officer about his car being stolen, and his failure to tell the traffic
control officer which he encountered in the alley that his car had been stolen (which it
would have been by that time if appellant was to be believed), a rational factfinder could
have concluded, beyond reasonable doubt, that appellant was not only at the crime scene
during the burglary but allowed the burglars to use his car to transport the booty being
taken. In other words, a factfinder could have legitimately concluded that appellant was
assisting the burglars through the use of his car. Consequently, the trial court did not err
in submitting a parties charge. 
          And, though appellant claimed that his car was stolen, the very same factfinder was
entitled to weigh his credibility and reject his representation given the other evidence of his
guilt. Moreover, that evidence of guilt was not so weak or overwhelmed by contrary
evidence so as to render appellant’s eventual conviction manifestly unjust.
          Accordingly, we overrule each issue, find the evidence more than factually sufficient
to support the conviction, and affirm the judgment of the trial court.
 
                                                                           Per Curiam


Do not publish.