Opinion issued November 16, 2006









     




In The
Court of Appeals
For The
First District of Texas




NO. 01-05-01000-CR




BOBBY JOE LOPEZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 1025002




MEMORANDUM OPINION
          Appellant, Bobby Joe Lopez, appeals the trial court’s judgment convicting him
of the felony offense of burglary of a habitation with intent to commit theft. See Tex.
Pen. Code Ann. § 30.02(a)(1), (c)(2) (Vernon 2003). Appellant pleaded not guilty
to the burglary and true to a punishment enhancement paragraph. The charge to the
jury authorized a finding of guilt if the jury found that appellant committed burglary
of a habitation with intent to commit theft either as the primary actor or as a party to
the offense. The jury found appellant guilty, found true the enhancement paragraph,
and assessed punishment at confinement in prison for life and a fine of $10,000. In
six issues, appellant asserts that the evidence is legally and factually insufficient to
support his conviction because the evidence does not establish that
          •        appellant entered the habitation of complainant (issues one and two);
 
          •        appellant committed an act with intent to promote the offense of
burglary (issues three and four); or
 
          •        appellant aided, assisted, or encouraged another individual to commit
the burglary (issues five and six).

We conclude that the evidence is legally and factually sufficient to sustain appellant’s
conviction as a party to burglary. We thus need not address the sufficiency of the
evidence to establish appellant’s guilt as the primary actor. See Ladd v. State, 3
S.W.3d 547, 557 (Tex. Crim. App. 1999) (holding that when not possible to tell
whether jury found appellant guilty on specific theory and jury charge authorizes jury
to convict on several different theories, verdict of guilt will be upheld if evidence is
sufficient on any one theory). We affirm.BackgroundOn April 27, 2005, complainant and his wife left their home in Seabrook to run
an errand. When they returned home, a Suburban was blocking their driveway. The
Suburban slowly pulled forward, allowing access to the driveway. Both complainant
and his wife saw only one person, the driver, inside the Suburban. The driver was
talking on a cellular telephone. While driving up the driveway, complainant noticed
that the gate to the backyard was open. Alarmed because the gate had been closed
when he left, complainant told his wife to stay in the car and he got out to check the
gate. When he reached the gate, he saw that his backdoor was open. The door had
been forced open and the doorjamb was broken.
          Suspecting that his house had been burglarized by the person in the Suburban,
complainant told his wife to get out of the car and call the police. Complainant
backed out of his driveway and followed the Suburban, which was driving away from
complainant’s house at a high rate of speed. While following the Suburban,
complainant got out of his car to flag down a Harris County Constable who was
driving a patrol car. Complainant pointed out the Suburban and told the constable
that the people in the Suburban had burglarized his house. By the time complainant
returned to his vehicle, he had lost sight of the constable and the Suburban. He drove
around for a few minutes looking for the Suburban, but then returned home.
          Meanwhile, the constable continued chasing the Suburban, until the Suburban
pulled over. The constable arrested the three men that were in the Suburban—
Christopher Delossantos, the driver; Ruben Hernandez, the front-seat passenger; and
appellant, the back-seat passenger. When the Suburban was searched, police officers
recovered a jewelry box and a bag that contained other items belonging to
complainant, including the driver’s license of complainant’s wife. Delossantos’s
cellular telephone was found in the center console of the Suburban. Appellant also
had a cellular telephone in his pocket. 
          Upon inspection, complainant noticed a number of items missing from the
house. These included several pieces of jewelry, a jewelry box, and a computer
monitor. In addition, several drawers and closets were opened with the items inside
in disarray, indicating that someone had rummaged through them. The solid
mahogany double-doors of the front of the house were cracked and buckled, because
someone had attempted to force them open. 
          An officer responding to the burglary found no usable fingerprints, but found
a footprint on the front door of complainant’s house. He dusted the print so that it
would contrast with the color of the front door. The officer went to the police
department to inspect the shoes worn by appellant, Hernandez, and Delossantos to see
if they matched the shoe print on the door. Although the shoes worn by Delossantos
and appellant had the same tread pattern as the print on the door, Delossantos’s shoes
were smaller than the print on the door. Appellant’s shoes, however, matched not
only the tread pattern on the door, but also matched the size of the shoe print on
complainant’s door.
          The jewelry box and other property that were recovered inside the Suburban 
were later identified by complainant and his wife as the items that had been taken
from their house. Additionally, the call log from the cellular telephones, as well as
the billing statements, showed several calls on the morning of and during the time of
the burglary between the cellular telephones belonging to Delossantos and appellant.
          At trial, appellant presented the testimony of Delossantos and Hernandez to
show that he was not involved in the burglary. Delossantos testified that he picked
up appellant on the morning of April 27, 2005, to run an errand. Shortly after picking
up appellant, Delossantos got a telephone call from his cousin, Hernandez, asking
Delossantos to come pick him up. Delossantos drove to a neighborhood that he was
unfamiliar with, stopping in front of the house Hernandez represented was his
girlfriend’s house. Appellant got out of the Suburban to get Hernandez. Appellant
went up to the front door, knocked, and “came right back to the [Suburban].” He was
gone for “[n]ot even a minute.” When he returned, appellant was not carrying
anything from the house. Hernandez was carrying a bag when he exited the house. 
Delossantos acknowledged that he drove Hernandez and appellant from the house,
but claimed that he was unaware that complainant or the constable followed him after
they left the house. Delossantos said that, based on what he saw that day, appellant
was not involved with the burglary. Although Delossantos testified at trial that
neither he nor appellant was involved in the burglary, he pleaded guilty to burglary
of complainant’s house. 
          Hernandez testified by taking sole responsibility for the burglary of
complainant’s house. Hernandez stated that he did not have a ride, so he called
Delossantos to come pick him up. Hernandez said that he tried to kick in the front
door, but it would not open, and he then wiped off the front door to remove his shoe
print. Hernandez forced open the back door to enter complainant’s house. When
appellant came to the front door, Hernandez told appellant that he was inside with his
girlfriend and would be out in about five minutes. Appellant gave Hernandez his
cellular telephone so that Hernandez could let appellant and Delossantos know when
he was ready to leave. Delossantos kept calling Hernandez because Hernandez told
Delossantos that he was at his girlfriend’s house, that he was not supposed to be
there, and that his girlfriend’s parents might return. When complainant and his wife
arrived at the house, Hernandez told Delossantos that it was his girlfriend’s parents
returning, instructing Delossantos to leave. Hernandez noticed complainant
following the Suburban, so he tried to make conversation, joking with Delossantos
and appellant to distract them, and to prevent them from noticing that they were being
followed. Hernandez testified that he never told Delossantos or appellant that he was
burglarizing complainant’s house. Hernandez also said that neither appellant nor
Delossantos was involved in the burglary. However, Hernandez also testified that as
part of a plea-bargain agreement, he stipulated that he had committed the burglary
“along with [appellant] and Christopher Delossantos.”
Sufficiency of the Evidence
          Appellant contends that the evidence is legally and factually insufficient to
show that appellant committed any act with intent to promote the offense of burglary 
or that he aided, assisted, or encouraged another individual to commit the burglary.
A. Burglary and the Law of Parties
          A person commits the second degree felony offense of burglary of a habitation
if he enters a habitation without the effective consent of the owner with the intent to
commit a theft. Tex. Pen. Code Ann. § 30.02(a)(1), (c)(2). A person is criminally
responsible as a party to an offense if the offense is committed by his own conduct,
by the conduct of another for which he is criminally responsible, or by both. Id.
§ 7.01(a) (Vernon 2003). A person is criminally responsible if he acts with intent to
promote or assist the commission of the offense and solicits, encourages, directs,
aids, or attempts to aid the other person to commit the offense. Id. § 7.02(a)(2).
          When a party is not the “primary actor,” the State must prove conduct
constituting an offense plus an act by the defendant done with the intent to promote
or assist such conduct. Beier v. State, 687 S.W.2d 2, 3 (Tex. Crim. App. 1985);
Miller v. State, 83 S.W.3d 308, 313 (Tex. App.—Austin 2002, pet. ref’d). Proof that
a person is a party to an offense may be established with circumstantial evidence that
shows that the parties were acting together to accomplish their common purpose. See
Wygal v. State, 555 S.W.2d 465, 469 (Tex. Crim. App. 1977); Miller, 83 S.W.3d at
314. The agreement to accomplish a common purpose, if any, must be made before
or contemporaneous with the criminal event, but in determining whether one has
participated in an offense, the court may examine the events occurring before, during,
and after the commission of the offense. Wygal, 555 S.W.2d at 468–69; Miller, 83
S.W.3d at 314. While mere presence at the scene, or even flight, is not enough to
sustain a conviction, such facts may be considered in determining whether an
appellant was a party to the offense. Valdez v. State, 623 S.W.2d 317, 321 (Tex.
Crim. App. 1979); Miller, 83 S.W.3d at 314. 
          If the evidence, however, shows the mere presence of an accused at the scene
of an offense or his flight from the scene, without more, then it is insufficient to
sustain a conviction as a party to the offense. Valdez, 623 S.W.2d at 321; Scott v.
State, 946 S.W.2d 166, 168 (Tex. App.—Austin 1997, pet. ref’d).
B. Legal Sufficiency
          In a legal sufficiency review, we consider the entire trial record to determine
whether, viewing the evidence in the light most favorable to the verdict, a rational
jury could have found the accused guilty of all essential elements of the offense
beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 318–19, 99 S. Ct.
2781, 2788–89 (1979); Vodochodsky v. State, 158 S.W.3d 502, 509 (Tex. Crim. App.
2005). In conducting our review of the legal sufficiency of the evidence, we do not
reevaluate the weight and credibility of the evidence, but ensure only that the jury
reached a rational decision. Muniz v. State, 851 S.W.2d 238, 246 (Tex. Crim. App.
1993).
          In his third and fifth issues, appellant asserts that the evidence is legally
insufficient to support his conviction under the law of parties because “the evidence
failed to establish that the appellant committed any act with the intent to promote the
alleged burglary offense” and “the evidence failed to establish that the appellant
aided, assisted, or encouraged any other individual to commit the alleged burglary
offense.” Specifically, appellant contends that the evidence is legally insufficient
because no witness affirmatively states that appellant was involved in the burglary
and both Delossantos and Hernandez testified that appellant was not involved with
the burglary.
          Viewing the evidence in a light most favorable to the jury’s verdict, the
evidence shows that Hernandez burglarized complainant’s home by entering it and
taking complainant’s property without consent. The record also shows that a shoe
print was found on the front door that matched the size and shape of the shoe worn
by appellant when appellant was arrested shortly after the burglary. The detective
investigating the burglary stated that the shoe print was located where one attempting
to kick open the front door would kick and that the damage to the door was consistent
with someone kicking the door in an attempt to force it open. Appellant was in the
Suburban with Hernandez, who acknowledged that he burglarized the house and that
he was taken from the house in the Suburban driven by Delossantos. Appellant was
seated in the back seat of the Suburban where items stolen from complainant’s home
were found. 
          A rational juror could have inferred from this evidence that Hernandez entered
complainant’s house and stole property while appellant assisted the burglary by
attempting to force entry into complainant’s home by kicking the front door. Thus,
a rational juror could have found that appellant was guilty under the law of parties. 
See Powell v. State, 194 S.W.3d 503, 507–08 (Tex. Crim. App. 2006) (finding
evidence legally sufficient to support conviction of burglary under law of parties
when appellant was present at scene of burglary, was later found in possession of 
truck observed at crime scene, and knew man that pleaded guilty to same burglary).
          We overrule appellant’s third and fifth issues.
C. Factual Sufficiency
          In his fourth and sixth issues, appellant asserts that the evidence is factually
insufficient to support his conviction under the law of parties because the verdict
“was simply against the great weight and preponderance of the evidence.” 
          When conducting a factual-sufficiency review, we view all of the evidence in
a neutral light. Ladd v. State, 3 S.W.3d at 557. We will set the verdict aside only if
(1) the evidence is so weak that the verdict is clearly wrong and manifestly unjust or
(2) the verdict is against the great weight and preponderance of the evidence. 
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). Under the first prong of
Johnson, we cannot conclude that a conviction is “clearly wrong” or “manifestly
unjust” simply because, on the quantum of evidence admitted, we would have voted
to acquit had we been on the jury. Watson v. State, No. PD-469-05, 2006 WL
2956272, at *10 (Tex. Crim. App. Oct. 18, 2006). Under the second prong of
Johnson, we cannot declare that a conflict in the evidence justifies a new trial simply
because we disagree with the jury’s resolution of that conflict. Id. Before finding
that evidence is factually insufficient to support a verdict under the second prong of
Johnson, we must be able to say, with some objective basis in the record, that the
great weight and preponderance of the evidence contradicts the jury’s verdict. Id. In
conducting a factual-sufficiency review, we must discuss the evidence that, according
to the appellant, most undermines the jury’s verdict. See Sims v. State, 99 S.W.3d
600, 603 (Tex. Crim. App. 2003).
          We may not re-weigh the evidence and substitute our judgment for that of the
fact-finder. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). The fact-finder alone determines what weight to place on contradictory testimonial evidence
because that determination depends on the fact-finder’s evaluation of credibility and
demeanor. Cain, 958 S.W.2d at 408–09. As the determiner of the credibility of the
witnesses, the fact-finder may choose to believe all, some, or none of the testimony
presented. Id. at 407 n.5.
          Appellant contends that the evidence that most undermines the jury’s verdict
is the testimony of Delossantos and Hernandez, who both testified that appellant was
not involved in the burglary. Appellant also points out that no fingerprints or other
physical evidence showed that appellant was inside complainant’s home. Appellant
states that the physical evidence shows only that he was outside complainant’s house,
which is consistent with the testimony from the defense witnesses, who claimed that
appellant was only at the scene to pick up Hernandez from what was believed to be
Hernandez’s girlfriend’s house. 
          The State offered evidence that points to appellant’s guilt as a party to the
offense. See Wygal, 555 S.W.2d at 469; Miller, 83 S.W.3d at 314. The shoe print on
the door of the burglarized house was the same pattern and size as the shoes worn by
appellant. The location of the shoe print and the damage to the front door indicated
that it had been kicked in an attempt to force entry into complainant’s home. The
physical evidence therefore suggests that appellant was assisting in the commission
of the burglary by attempting to kick in the door. The record also shows that during
the time Hernandez was admittedly committing the burglary, Delossantos called
appellant’s cellular telephone several times. Although Delossantos testified at trial
that neither he nor appellant was involved in the burglary, Delossantos pleaded guilty
to the burglary, and thus his testimony could rationally have been rejected by the jury. 
Similarly, the jury could have rationally determined that Hernandez’s claims that
appellant was innocent are not consistent with Hernandez’s stipulation that
Delossantos and appellant were involved in the burglary. 
          Viewing all of the evidence in a neutral light, both for and against the jury’s
finding of guilt, we conclude that the proof of guilt is not so obviously weak as to
undermine confidence in the jury’s determination and that the proof of guilt is not
greatly outweighed by contrary proof. As the sole judge of the credibility of the
witnesses, the jury could properly reject Delossantos’s and Hernandez’s testimony. 
See Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000) (stating jury can
accept or reject any evidence presented at trial). The jury could also reasonably have
found that appellant attempted to kick in complainant’s door in an effort to aid
Hernandez to commit the burglary. See Powell, 194 S.W.3d at 506–07 (noting that
defendant does not have to actually enter building to be guilty of burglary under law
of parties); Beier, 687 S.W.2d at 3 (stating that guilt as party can be established by
proof of act done with intent to promote or assist primary actor); Miller, 83 S.W.3d
at 313 (same). Accordingly, we hold that the evidence was factually sufficient to
support appellant’s conviction as a party to the offense of burglary of a habitation.
          We overrule appellant’s fourth and sixth issues. 
          Because we have concluded that the evidence is legally and factually sufficient
under the law of parties, we need not address issues one and two, which challenge the
sufficiency of the evidence to establish appellant’s guilt as the primary actor. See
Ladd, 3 S.W.3d at 557.Conclusion
          We affirm the judgment of the trial court.
 
 
                                                             Elsa Alcala
                                                             Justice

Panel consists of Chief Justice Radack and Justices Alcala and Bland.

Do not publish. Tex. R. App. P. 47.2(b).