NO. 07-08-0202-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 22, 2009

______________________________

JOSE R. HERNANDEZ, 

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 140
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-416,053; HON. JIM BOB DARNELL, PRESIDING

_______________________________

Memorandum Opinion

________________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Jose R. Hernandez (appellant) appeals his conviction for burglarizing a habitation.  His three issues concern the sufficiency of the evidence to support submission of a parties charge and his conviction either as a party or a principal.  We affirm.

Because of their interrelationship, we address the three issues together.  First, statute provides that one commits burglary of a habitation if he either enters a habitation without the consent of the owner and with the intent to commit a felony, theft, or an assault or enters without the consent and actually commits a felony, theft, or an assault.  
Tex. Penal Code Ann. 
§ 30.02(a) (Vernon 2003).  Second, though a suspect may not have entered the home, he may nonetheless be convicted as a party to the burglary if, as appellant acknowledges in his brief, “the record contains evidence that would support the conclusion that the defendant committed the charged offense in concert with someone else . . . .  
Galvan v. State
, 598 S.W.2d 624, 629 (Tex. Crim. App. 1979).”  That is, the evidence must show that someone committed the underlying crime and that the accused promoted or assisted its commission with the intent to do so.  
Beier v. State
, 687 S.W.2d 2, 3 (Tex. Crim. App. 1985); 
Miller v. State
, 83 S.W.3d 308, 313 (Tex. App.–Austin 2002, pet. ref'd). 

Third, the record contains evidence illustrating that three individuals were seen at the home being burglarized.  When spotted, the three left on foot while leaving a car parked under the carport.  Booty taken from the house was found inside the car. 

After descriptions of the three suspects were broadcast to the police, two of the three suspects were quickly apprehended in the area.  During this same time, appellant initially was seen by a parking control officer walking down an alley near the crime scene.  When stopped, he was “out of breath.”  Nonetheless, he told the parking officer that he had seen two Hispanics break into a house and leave carrying guns.  After giving the officer general directions to the place whereat the burglary occurred, the officer left.  

Shortly thereafter, a police officer responding to the burglary noticed appellant afoot about a mile or so from the burglary.  The officer stopped appellant because he matched the description of one of the suspects.  Appellant informed the officer that he was looking for his car which he had reported stolen some 30 minutes earlier, and when the police cars were allegedly seen rushing down a particular street, he thought that his car may be in the area towards which the police traveled.  Yet, the officer saw appellant walking towards the east while the area to which the police purportedly traveled was to his west.  In other words, appellant was walking away from the area in which he thought he could find his car.      Needless to say, the vehicle left in the carport at the burglary scene happened to be appellant’s.  And, according to appellant’s wife, appellant had left in it that morning “like 30 minutes from the time that [the officer] got there . . . .”  Apparently, the officer had responded to the auto theft call and proceeded to appellant’s residence.  There, he encountered appellant’s wife who then disclosed the foregoing information.

Given the presence of appellant’s car at the crime scene, the presence of stolen property within the car, the presence at the crime scene of someone matching appellant’s description, appellant’s effort to leave the area where he thought his car was located, the effort to deceive one officer about his car being stolen, and his failure to tell the traffic control officer which he encountered in the alley that his car had been stolen (which it would have been by that time if appellant was to be believed), a rational factfinder could have concluded, beyond reasonable doubt, that appellant was not only at the crime scene during the burglary but allowed the burglars to use his car to transport the booty being taken.  In other words, a factfinder could have legitimately concluded that appellant was assisting the burglars through the use of his car.  Consequently, the trial court did not err in submitting a parties charge.  

And, though appellant claimed that his car was stolen, the very same factfinder was entitled to weigh his credibility and reject his representation given the other evidence of his guilt.  Moreover, that evidence of guilt was not so weak or overwhelmed by contrary evidence so as to render appellant’s eventual conviction manifestly unjust.

Accordingly, we overrule each issue, find the evidence more than factually sufficient to support the conviction, and affirm the judgment of the trial court.

Per Curiam

Do not publish.