In The

Court of Appeals

For The

First District of Texas






NO. 01-06-01048-CR






KURT ANDRE MILES , Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 208th District Court

Harris County, Texas

Trial Court Cause No. 1087429






MEMORANDUM OPINION

 A jury found appellant, Kurt Andre Miles, guilty of aggravated robbery,
and, having found the enhancement paragraph alleging a prior conviction for
aggravated assault true, the trial court assessed punishment at life in prison. See
Tex. Pen. Code Ann. § 29.03 (Vernon 2006). In his sole issue on appeal,
appellant contends that the evidence is factually insufficient to sustain his
conviction because the State failed to prove that he grabbed the complainant's
purse and maintained and used her property. We affirm.

Background

 At approximately 7:30 p.m. on October 29, 2004, Houston Police Department
officer, Officer Medina, responded to a call regarding an injured person at the
Randalls grocery store on Bellfort Avenue in Harris County, Texas. Officer Medina
testified that he arrived to find the complainant, Sarah Pinckard, a 76-year-old
woman, unconscious. He retrieved the complainant's grocery receipt from the
Randalls' store manager, which included the complainant's name and credit card
information. Officer Medina remained with the complainant until the ambulance took
her to Ben Taub Hospital, where she died the next day. 

 An eyewitness, Michael Cabanas, testified that he saw the complainant falling
towards the ground as a sport utility vehicle ("SUV") drove past her. Cabanas told
Officer Medina that there were two people in the SUV. He described the driver as an
older light black or hispanic male, with a "low fade hair cut," wearing a red short-sleeve shirt. According to Cabanas, the SUV was a darker-colored gray Ford
Explorer or Expedition. At trial, he identified the SUV from a photograph. 

 The investigating officer, Sergeant Hayes, testified that the complainant
purchased groceries with a credit card, and her car was in the parking lot, yet he was
unable to find her credit card, car keys, or a purse; therefore, although no purse was
ever found, he concluded that the complainant originally had a purse. Sergeant Hayes
tracked the complainant's credit card to several purchases beginning 16 minutes after
the robbery at three different locations: Citgo, Food Mart, and Saveway. He
interviewed all of the store managers and obtained surveillance video from the Citgo
and Saveway locations. The Citgo surveillance footage showed the presence of a
black man and woman and an SUV at around the time the complainant's credit card
was used. The Saveway photographs likewise showed a black man and woman, but
were dated October 20, 2004, at the impossible time of 46:08. A Crime Stopper's
report using a surveillance photograph from Saveway was broadcast November 17,
2004. Paul Brantley, after recognizing the individuals portrayed to be his mother,
Cynthia Melvin, and appellant, contacted authorities. At trial, Brantley identified
appellant. Sergeant Hayes discovered that vehicle registration records listed Cynthia
Melvin as the owner of a Ford SUV. 

 During his investigation, Sergeant Hayes learned that a similar crime had
occurred earlier that same day in the Meyerland Plaza parking lot around 10:45 a.m. 
Sergeant Hayes interviewed the complainant in that case, Ruth Posey, a 64-year-old
woman. Posey testified that an SUV drove next to her in the parking lot while the
driver, whom she presumed was male, grabbed her purse and then drove off, leaving
her on the pavement. Posey described the vehicle as a light blue or gray Ford SUV,
possibly an Explorer. 

 Using Posey's credit card information, Sergeant Hayes tracked subsequent
purchases on her account to a Palais Royal store. Surveillance video and
photographic evidence from Palais Royal, as well as testimony from the store
manager, Betty Sheppard, and check-out clerk, Salina Jackson, placed appellant and
Cynthia Melvin together at Palais Royal at the same time Posey's credit card was
used. Sheppard and Jackson identified appellant and Melvin from a photographic line
up. 

 Appellant did not put forth any evidence during the guilt phase of the trial.

Factual Sufficiency of the Evidence

 In his sole issue, appellant argues that the evidence was factually insufficient
to support his conviction for aggravated robbery because the State failed to prove that
he grabbed the complainant's purse and maintained and used her property. 
Specifically, appellant argues that no one identified him as the individual who robbed
the complainant, that the testimony and surveillance video did not prove his
possession or use of stolen property, and that the State's use of extraneous offense
testimony and evidence was unreliable. We disagree.

Standard of Review

 When conducting a factual-sufficiency review, we view all of the evidence in
a neutral light. Cain v. State, 958 S.W.2d 404, 408 (Tex. Crim. App. 1997). We will
set the verdict aside only if (1) the evidence is so weak that the verdict is clearly
wrong and manifestly unjust or (2) the proof of guilt is against the great weight and
preponderance of the evidence. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000). Under the first prong of Johnson, we cannot conclude that a conviction is
"clearly wrong" or "manifestly unjust" simply because, on the quantum of evidence
admitted, we would have voted to acquit had we been on the jury. Watson v. State,
204 S.W.3d 404, 417 (Tex. Crim. App. 2006). Under the second prong of Johnson,
we also cannot declare that a conflict in the evidence justifies a new trial simply
because we disagree with the jury's resolution of that conflict. Id. Before finding
that evidence is factually insufficient to support a verdict under the second prong of
Johnson, we must be able to say, with some objective basis in the record, that the
great weight and preponderance of the evidence contradicts the jury's verdict. Id. In
our factual-sufficiency review, we must also discuss the evidence that, according to
appellant, most undermines the jury's verdict. See Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003). 

 We may not re-weigh the evidence and substitute our judgment for that of the
fact-finder. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). The fact-finder alone determines the weight to be given contradictory testimonial evidence
because that determination depends on the fact-finder's evaluation of credibility and
demeanor. Cain, 958 S.W.2d at 408-09. As the determiner of the credibility of the
witnesses, the fact-finder may choose to believe all, some, or none of the testimony
presented. Id. at 407 n.5. This standard of review applies to both direct and
circumstantial evidence cases. King, 29 S.W.3d at 565.

Analysis

 The indictment alleges that appellant, "while in the course of committing theft
of property . . . and with intent to obtain and maintain control of the property, [did]
recklessly grab the purse of the Complainant while the Complainant was walking and
the Defendants were in a moving vehicle; caused bodily injury to Sarah Pinckard, a
person at least sixty-five years of age by causing her to fall to the pavement striking
her head." Appellant's factual sufficiency argument centers primarily on the
circumstantial nature of the evidence presented. Appellant first asserts that the
evidence fails to identify him as the individual who robbed the complainant. While
the appellant was not directly identified as the assailant, an eyewitness described the
SUV and its driver and passenger as it drove by the falling complainant. There is also
surveillance footage at the Citgo where the complainant's credit card was fraudulently
used after her attack showing the presence of a black man and woman while an SUV
was parked outside. Melvin's son later identified the individuals in the Saveway
photograph to be his mother and appellant. Regarding the reliability of the Saveway
photographs, while the printed date is October 20, 2004, the printed time is 46:08. 
Thus, it would not be irrational to conclude the date and time mechanism was not
operating properly.

 Appellant points out that no purse was found and that no direct evidence shows
that the complainant was carrying a purse at the time of the alleged robbery. Sergeant
Hayes determined that the complainant's purse was missing because her car was
located in the Randalls parking lot, but her keys could not be found, and a sales
receipt showed that she had made a credit card purchase at Randalls moments before
her injury, but no credit card was located.

 Additionally, appellant complains about an admitted extraneous offense,
specifically, that he was not identified by the extraneous offense complainant, Posey. 
Extraneous offenses are admissible on the question of identity if the extraneous
offense has sufficient common distinguishing characteristics to show that it was the
handiwork of the accused, and the State's case is entirely circumstantial on the
question of identity. Tex. R. Evid. 404(b); Russell v. State, 665 S.W.2d 771, 778
(Tex. Crim. App. 1983). The State established that Posey's earlier robbery was
similar to Pinkard's here, in that (1) the robberies both occurred in a shopping center
parking lot on the same day, (2) the suspect was driving a blue or gray/silver Ford
SUV, (3) the targets were both older women whose purses were stolen, and (4) both
victims' credit cards were used shortly after the robbery. Surveillance video, credit
card evidence, as well as Sheppard's and Jackson's testimony and photo line-up
identification positively identified appellant in the extraneous offense. Appellant also
fails to support his claim that Posey's testimony is "totally unreliable."

 Appellant further argues that the evidence fails to show that he used the stolen
credit cards of either the complainant or Posey. The State produced no direct
evidence that appellant actually possessed the complainant's purse or credit card. 
However, circumstantial evidence alone can support a permissive inference of
personal possession of recently stolen items. See Louis v. State, 159 S.W.3d 236, 248
(Tex. App.--Beaumont 2005, pet. ref'd) (holding a permissive inference of
possession rational because appellant was virtually sitting on the stolen items). 
Significant circumstantial evidence shows appellant's presence at the Citgo and
Saveway contemporaneously with the use of the stolen credit cards. And while there
was testimony that other customers were also present at these locations at the time
that the complainant's credit card was used, such evidence does not disallow the jury
from determining that appellant was the person who used the credit card.

 As for the extraneous offense, appellant correctly points out that the evidence
tends to show that Melvin was the user of Posey's credit card. However, an
appellant's criminal responsibility can encompass the acts of others as well. Tex.
Pen. Code Ann. §§ 7.01(a), 7.02(a)(2) (Vernon 2003). When, as here, a party is not
the primary actor, the State must prove conduct constituting an offense plus an act by
the defendant done with the intent to promote or assist such conduct. Beier v. State,
687 S.W.2d 2, 3 (Tex. Crim. App. 1985). The Texas Court of Criminal Appeals
recently held that the State can charge individuals for the acts of others, when the
individual acted in concert with the other person, and use circumstantial evidence
alone to show that the parties acted together to accomplish their common purpose. 
Powell v. State, 194 S.W.3d 503, 506 (Tex. Crim. App. 2006). Here, surveillance and
photographic evidence placed appellant and Melvin together at Palais Royal, Citgo,
and Saveway on October 29, 2004, spanning the unauthorized uses of both Posey's
and the complainant's credit cards. Therefore, evidence supports that the parties
acted together to accomplish their common purpose. In light of this evidence, a
permissive inference that appellant possessed the complainant's credit card is
supported by the evidence. 

 The sum of the evidence supports a finding that, on October 29, 2004 in Harris
County, Texas, appellant recklessly caused bodily injury to Sarah Pinckard, a person
at least 65-years-old, by grabbing her purse while driving past her. Moreover, it
cannot be said that this evidence renders the verdict clearly wrong or manifestly
unjust, nor can it be said that the great weight and preponderance of the evidence
contradicts the jury's finding of appellant's guilt. As a result, we hold that the
evidence is factually sufficient to sustain the jury's finding of guilt, and we overrule
appellant's sole issue. 

Conclusion 

 We affirm the judgment of the trial court.



 George C. Hanks, Jr.

 Justice


Panel consists of Justices Taft, Hanks, and Higley.

Do not publish. Tex. R. App. P. 47.2(b)