

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-12-00356-CR
_____

ROSALINDA VAQUERA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 121st District Court
Yoakum County, Texas
Trial Court No. 2908; Honorable Kelly G. Moore, Presiding

October 24, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Rosalinda Vaquera, was convicted by a jury of aggravated assault causing serious bodily harm[1] under the law of parties.[2] She was sentenced to two years confinement suspended and placed on community supervision for two years. On appeal, she asserts (1) the State's evidence at trial was legally insufficient; (2) the trial

---

[1]See Tex. Penal Code Ann. § 22.02(a)(1) (West 2011).

[2]See Tex. Penal Code Ann. § 7.02 (West 2011).

court committed error in the application paragraph of the jury charge; and (3) erred in omitting a lesser-included offense from the jury charge. We affirm.

## BACKGROUND

The indictment, as amended February 1, 2012, alleged that, on or about July 28, 2011, Appellant intentionally, knowingly, or recklessly caused serious bodily injury to Derrick Cook by encouraging and directing an assault on him by Alexander Barrientes, which led to the stabbing of Cook.

At trial, Cook testified that, on the evening of July 28, 2011, he was hanging out with friends at a city park. There, he met Appellant who told him Barrientes could beat him up.[3] Cook responded by telling her to "call him over here then." Later, Appellant told Cook that Barrientes was "almost at the park." A few minutes later, Barrientes arrived with several friends and a crowd gathered to watch the fight.

When Cook confronted Barrientes, he felt pain in his side. He then took Barrientes to the ground and they rolled around. In the process, Cook knocked a knife from Barrientes's hand. The two separated and Cook heard someone yell that he had been stabbed. Later, he discovered he had been stabbed in his arm, shoulder blade, and beneath his left armpit.

Barrientes testified that, prior to the fight, he received a text from Appellant telling him that Cook was at the park "acting all tough saying he could kick [Barrientes's] ass." Barrientes responded by texting: "Tell him I will kill his ass. I promise I will." Appellant

---

[3]Cook and Barrientes had a falling out earlier in the year.

2

then texted that Cook had left and Barrientes responded: "He did. I promise you when I see him I'm going to kill him." Appellant replied: "Make it happen today." Barrientes responded: "I will." By his response, Barrientes testified he meant to go to the park and kill Cook.

Appellant next texted Barrientes asking whether he wanted her to make sure Cook stayed at the park. Barrientes testified he interpreted the text to mean she was going to keep Cook at the park. Appellant subsequently texted Barrientes to inform him: "[Cook] is ready to go. You best come." Barrientes responded: "We are here." Appellant then texted: "You better. Don't punk out." Barrientes replied: "I won't. I promise I'm going to kill him." Appellant then told him: "Do it."

Barrientes testified no one at the park knew he was carrying a knife or that he intended to stab Cook. When the fight commenced, he testified Appellant was sitting at a table with everyone else. He also indicated there was no ongoing dispute with Cook the day of the fight and summed up his testimony by stating Appellant texted him that Cook was there, asked if he wanted her to keep Cook there, and then told him to hurry up and get to the park.

Michael Hobson, an investigator for the district attorney's office, testified that, when he questioned Appellant, she "mentioned to [him] that if she hadn't ever called [Barrientes] this would have never happened." Nicole Castillo, Appellant's friend, testified that, when the fight started, Appellant was at the park but not at the fight scene. Mariza Santillan, another of Appellant's friends, testified Appellant was present at the fight. An emergency room physician, Dr. Scott Frankfather, opined that Cook's wounds

3

"definitely constitute[d] serious bodily injury" because Cook could have died when the knife punctured his lung and was "at risk of death."

The jury subsequently found Appellant guilty of aggravated assault under the law of parties and the Appellant was sentenced to two years confinement, suspended, and placed on community supervision for two years. This appeal followed.

## DISCUSSION

Appellant asserts the State's evidence was insufficient to prove aggravated assault because she was unaware Barrientes was carrying a knife when he arrived at the park. She asserts the trial court committed error in the application paragraph of the jury charge by permitting the jury to convict Appellant of aggravated assault as a party on a finding of knowing or reckless behavior. She also asserts the trial court erred in omitting a jury charge on the lesser-included offense of misdemeanor assault. We disagree.

### SUFFICIENCY OF THE EVIDENCE

In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all the evidence in a light most favorable to the verdict and determine, based on that evidence and the reasonable inferences drawn therefrom, whether a rational factfinder could have found the essential elements of the crime beyond a reasonable doubt. *Lucio v. State,* 351 S.W.3d 878, 894 (Tex.Crim.App. 2011) (citing *Jackson v. Virginia,* 443 U.S. 307, 318-19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)); *Brooks v. State,* 323 S.W.3d 893, 895 (Tex.Crim.App. 2010) (plurality op.). In

4

conducting our review, we do not sit as a thirteenth juror and may not substitute our judgment for that of the factfinder by re-evaluating the weight and credibility of the evidence. *Isassi v. State,* 330 S.W.3d 633, 638 (Tex.Crim.App. 2010). Rather, we defer to the factfinder to fairly resolve conflicts in testimony, weigh the evidence, and draw reasonable inferences from basic to ultimate facts. *Id.*

A person is guilty of aggravated assault if he intentionally, knowingly, or recklessly commits an assault which causes serious bodily injury to another or uses or exhibits a deadly weapon during the commission of the assault. TEX. PENAL CODE ANN. § 22.01(a)(1), 22.02(a) (West 2011). Under the law of parties, "[a] person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both." *Id.* at § 7.01(a). A person is "criminally responsible" for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. *Id.* at § 7.02(a)(2).

Evidence is sufficient to convict under the law of parties where the accused is physically present at the commission of the offense and encourages its commission by words or other agreement. *Salinas v. State*, 163 S.W.3d 734, 739 (Tex.Crim.App. 2005). In making a determination, the factfinder may examine the events occurring before, during, and after the commission of the offense and may rely on actions of the accused that show an understanding and common design to commit the offense. *Id.* 163 S.W.2d at 740. Further, "[c]ircumstantial evidence alone may be used to prove that a person is a party to an offense;" *Powell v. State,* 194 S.W.3d 503, 506 (Tex.Crim.App.

5

2006), and "the cumulative force of all the incriminating circumstances may be sufficient to warrant a finding of guilt." *Davis v. State,* 195 S.W.3d 311, 320 (Tex.App.—Houston [14th Dist.] 2006, pet. ref'd) (quoting *King v. State*, 17 S.W.3d 7, 15 (Tex.App.—Houston [14th Dist.] 2000, pet. ref'd)).

Here, Appellant was not the primary actor and the State need only prove "conduct constituting an offense plus an act by the defendant done with the intent to promote or assist such conduct." *Christensen v. State*, 240 S.W.3d 25, 31 (Tex.App.—Houston [1st Dist.] 2007, pet. ref'd) (citing *Beier v. State*, 687 S.W.2d 2, 3 (Tex.Crim.App. 1985)). Cook's and Barrientes's testimony established that Barrientes intended to and did assault Cook with a knife. Dr. Frankfather's testimony established that, as a result of Barrientes's assault, Cook suffered serious bodily harm and Appellant's text messages establish that she intended to promote and did assist Barrientes's conduct. Thus, considering the evidence in a light most favorable to the verdict, the State's evidence was sufficient for the jury to find Appellant guilty of an aggravated assault under the law of parties. Appellant's first issue is overruled.

JURY INSTRUCTION – INTENT

In determining whether there is reversible error due to an erroneous jury charge, we first decide whether error exists, and if error exists, then we determine whether an appellant was harmed. *Middleton v. State,* 125 S.W.3d 450, 453 (Tex.Crim.App. 2003) (citing *Hutch v. State*, 922 S.W.2d 166, 171 (Tex.Crim.App. 1996)). Because Appellant did not make any specific objection to the charge, charge error is not preserved, and we will reverse only if we find egregious harm. *Vega v. State,* 394 S.W.3d 514, 519

6

(Tex.Crim.App. 2013). *See Jimenez v. State,* 32 S.W.3d 233, 238-39 (Tex.Crim.App. 2000).

The application paragraph stated as follows:

> Now, if you find from the evidence beyond a reasonable doubt that on or about July 28, 2011, in Yoakum County, Texas, the defendant, ROSALINDA VAQUERA, did then and there intentionally, knowingly, or recklessly cause bodily injury to Derrick Cook by encouraging and directing an assault of Derrick Cook by Alexander Barrientes that led to the stabbing of Derrick Cook, then you will find the defendant guilty of aggravated assault as charged.

Assuming without deciding the trial court committed error, we cannot conclude that the error, if any, affected the "very basis of the case" or deprived Appellant of a fair and impartial trial under *Almanza's*[4] egregious harm standard. *See Batiste v. State,* 73 S.W.3d 402, 407 (Tex.App.—Dallas 2002, no pet.). The terms in the application paragraph, "intentionally, knowingly, or recklessly," expressly relate back to the mental state necessary to commit a simple assault, an element essential to commission of the offense of aggravated assault, as defined in the abstract portion of the charge. *See Delapaz v. State*, 228 S.W.3d 183, 212 (Tex.App.—Dallas 2007, pet. ref'd) (meaning of a jury instruction must be taken from the whole charge).[5] The terms "encouraging" and "directing" expressly relate back to the abstract paragraph regarding the law of parties

---

[4]*Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App. 1984) (op. on reh'g).

[5]Regarding aggravated assault, the jury charge states, in pertinent part, as follows:

> 1. Our law provides that a person commits an assault if the person intentionally, knowingly or recklessly causes bodily injury to another. A person commits aggravated assault if the person commits an assault, as defined above, and causes serious bodily injury to another.

> 2. By the term "bodily injury" is meant physical pain, illness, or any impairment of physical condition. By the term "serious bodily injury" is meant bodily injury that creates a substantial risk of death or that causes death, . . ..

7

and states, a person may be found criminally responsible if the person acted with an intent to promote or assist the commission of the offense.[6] Moreover, the evidence at trial established one assault, i.e., Barrientes stabbed Cook, and one person, Appellant, who intentionally encouraged and directed Barrientes's assault through explicit text messages telling Barrientes to "[d]o it" and "[m]ake it happen today." Appellant's second issue is overruled.

JURY INSTRUCTION – LESSER-INCLUDED OFFENSE

The trial court should instruct the jury on a lesser-included offense if (1) the lesser offense is included within the proof necessary to establish the offense charged and (2) there is some evidence in the record that would permit the jury to find him guilty, if he is guilty, only of the lesser offense. *Campbell v. State*, 149 S.W.3d 149, 152 (Tex.Crim.App. 2004). That the State in proving the alleged offense of aggravated assault, also proves the lesser-included offense of simple assault, does not require a jury charge on the lesser-included offense absent evidence that defendant is guilty only of the lesser offense. *See Curtis v. State*, 573 S.W.2d 219, 223 (Tex.Crim.App. 1978). Regarding the second element, it is not sufficient that the jury might have disbelieved evidence pertaining to the greater offense. *Hampton v. State,* 109 S.W.3d 437, 441 (Tex.Crim.App. 2003).

---

[6]Regarding the law of parties, the jury charge states, in pertinent part, as follows:

> 4. A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both. Each party to an offense may be charged with the commission of the offense.

> A person is criminally responsible for an offense committed by the conduct of another if acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.

Here, Appellant did not request an instruction on any lesser-included offense and cites no case law requiring a trial judge to *sua sponte* make such an instruction. To the contrary, in the absence of a request or objection that a lesser-included offense be included in the charge, the error complained of on appeal is waived. *Kinnamon v. State,* 791 S.W.2d 84, 96 (Tex.Crim.App. 1990), *overruled on other grounds, Cook v. State,* 884 S.W.2d 485, 491-92 (Tex.Crim.App. 1994) (*en banc).* In addition, a trial court is not statutorily required to *sua sponte* instruct a jury on a lesser-included offense. *Tolbert v. State,* 306 S.W.3d 776, 780 (Tex.Crim.App. 2010). Appellant's third issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.